Judge Mills
delivered the opinion of the Court.
Long, the intestate of the defendant in error, filed his bill, alleging that he had becomes endorser of a small rióte for Henry F. Hume, in the bank of Kentucky, and had continued to endorse on the renewals of said note, from time to time, and. some times on blank paper; never having the least, suspicion that Hume would practice any fraud or trick upon him, with the paper so endorsed; and some times, if the note was written, he never read it, before he endorsed it; still trusting to the honesi ty of Hume; and that in the summer 1817, on a like application to endorse a note for the renewal of the one in bank, he made the endorsement without looking at the paper; hut some considerable time afterwards be discovered that the paper which he had endprsed was one for $25QQ, drawn by George and Johp Sprowle to Willis A. Lee, and endprsed first by Lpe, and then by hjmself, and delived by-said Hume tQ the agent and ¿ttorney of Longstreth, Baily & Co. for some debt or dealings he had with thenp. That he immediately gave the agent notice *117 ©f the fraud; and also gaye notice to the Bank of Kentucky, where the note was payable, not to discount it.
machTand5 prayer of the hill.
Bill taken for confessed a-garnst Mume.
Ans Longstreth & Co. and cro.ss j^on^SAinet
Long’s an-«wer.
Decree of the «irpuit court,
He makes Hume, Longstreth, Baily & Co. defendants, and prays that the endorsement on the note may be cancelled and erazed, and he be released from all liability.
Hume never answered the bill, and as to him it was taken as confessed.
Longstreth, Baily & Co. answered the bill denying any knowledge of the fraud and requiring proof thereof; alleging that they had judgments against Hume, in the United States court for the district of Kentucky, which he discharged by passing to their agent, this note, with others, as the returns on the execution will shew. They aver that they have pursuer! the makers of said notes George and John ¡Sprowle to insolvency, without getting any thing; tliat George Sprowle died insolvent before any judgment against him, and process against John Sprowle had been ineffectual. They exhibit the record of their proceedings against the makers of the note, and make their answer a cross bill against Long, and pray a decree against him for the amount of the judgment and costs, rendered against Sprowle, on the aforesaid note.
Long answered their answer in the nature of a cross bill, relying on the fraud set forth in his bill, and protesting against their right to recover against him.
The court decreed that the endorsement should be cancelled, and Long relieved from the effects thereoi; and decided against the right of Longstreth, Baily & Co. to recover against Long, and dismiss their complaint, with costs.
The object of.this writ of error is to reverse this decree.
It is insisted for the plaintiffs in error, that the evidence is. wholly insufficient to warrant the relief granted to Long, and that a decree ought to have been rendered, in favor of the plaintiffs in error, for the amount of the debt.
The evidence of the fraud not conclusive, and the consideration of that question waved.
A party not prejudiced by a decree cannot reverse it.
A defendant in chancery may rely upon matters purely legal, connected with the matters of the bill, for his defence; and by his cross bill, require the complainant to answer there, to.
*118 On the contrary it is insisted by the counsel for Long’s representatives; that the evidence is sufficient to warrant the relief granted, and that if it is not, the result ought to be only a dismission of the bill of Long, and that the plaintiffs in error can have no decree against Long’s representatives for their demand, because:—
First, a court of chancery can have no jurisdiction of their complaint, as their demand is purely legal, and
Secondly; that if the court Iras jurisdiction of the' „ claim, the plaintiffs in error have not shewn that they have pursued the makers of the. note with such diligence as will entitle them to recover.
It must be confessed that the evidence of the fraud of Hume is circumstantial only; but it is such as leaves an impression on tire mind that the fraud was really practised. But without expressing any positive opinion upon it, there is another reason which operates against the reversal of the decree which we shall first consider.
It is clear that if the plaintiffs in error have received no prejudice from the decree relieving Long, they will not be entitled to a reversal thereof; and this leads us to look into their complaint, and to examine the diligence with which they have pursued the makers of the note. For if they have lost their recourse against Long, by their supineness or neglect, he is discharged, and the court could not have erred in dismissing their complaint, and releasing Long from further danger.
It is true their claim against Long, on his endorsement, is one purely of a legal character; but we can still entertain no doubt of the jurisdiction of the chancellor over it, and he was competent to-decide upon it in the way it is presented. By way of a cross bill, or an answer under our practice, in-the nature of a cross bill, the defendant to the original suit may set up claims purely legal, provided they be connected with or arise out of the matter set up in the bill, and the jurisdiction of the chancellor caunot be objected to. See Ford and War *119 ren vs. Sproule & Co. 2 Marsh. 528: Head &c. vs. Perry, 1 Mon. 258, and authorities there cited. We have no doubt that this case comes within the rule laid down by these authorities, and that when Long came into equity, to obtain relief against this endorsement, it was competent for the defendants below not only to sustain its validity, but to set it up by way of claim on their part and call upon the chancellor to give it its full force against Long; and as they have chosen to do so, they are bound to support tíieir claim as they would be bound to do in a court of law, and if they fail their claim rnqst be decided against them.
The holder of an assigned obligation must avail himself of all the means afforded by law, to coerce the payment from the principal, and proceed against his representatives if the principal be dead, before 'he can charge the assignor,
The same diligence li-ga inst the principal, is required in chancery, to charge the assignoi, as at law.
An admission that an ob-ligor was insolvent at the time of making the obligation, held not to be an admission of his insolvency when it fell due.
Mayes, for plaintiffs; Talbot and Haggin & Lough-borough., for defendants.
We have, accordingly, looked into the record filed of the suit at law against George and J. Sprowle, and find that so far from their having used due diligence in pursuing the makers of this note, they have stopped short pn obtaining a judgment, and never issued any execution, when they were at the time entitled to both a fien facias or a capias ad satisfaciendum, which they were bound to issue before reaching Long. Besides bail was gi ven by John Sprowle, which is not disposed of; and this has been held necessary. Nor has there been any proceeding against George Sprowle’s representatives since his death.
The neglect and omission to pursue the makers of the note, therefore, to insolvency are conclusive against the recovery against the endorsers, and the plaintiffs in error have lost nothing by the age of their endorsement.
It is true Long alleges the insolvency of Sprowle, when the endorsement was made, but does not admit it, when the note fell due, which was a considerable time afterwards, and it was, therefore, incumbent on the plaintiffs to shew due diligence, by sut, to the end of the course which the law allowed them to pursue, and in doing this they have failed.
The decree must be affirmed, with costs.